## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## DELTA DIVISION

**JERRY L. MCBRIDE**                                                      **PETITIONER**

**v.**                                                      **No. 2:11CV221-SA-JMV**

**WARDEN WALLER, ET AL.**                                                      **RESPONDENTS**

### MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Jerry L. McBride for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has responded to the petition, and McBride has filed a Traverse. The matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* will be denied.

### Facts and Procedural Posture

Jerry McBride is in the custody of the Mississippi Department of Corrections and in currently housed at the Yazoo County Correctional Center in Yazoo City, Mississippi. He was convicted of sexual battery in the Circuit Court of Coahoma County, Mississippi and sentenced to serve twenty-five years in the custody of the Mississippi Department of Corrections. *See* State Court Record ("SCR") Vol. 1, pp. 26-27.

Through new counsel, McBride appealed his conviction and sentence to the Mississippi Supreme Court, raising the following issues (as stated by appellate counsel):

A.    Whether Appellant's constitutional and statutory right to a speedy trial was violated where the trial court found the delays presumptively prejudicial but did not require the State to overcome the presumption; failed to adequately weigh prejudice and where the primary reason for delay is neglect in placing the case on the trial docket.

B.    Whether the evidence was sufficient to sustain the verdict where it was not possible to prove the elements of the crime as submitted to the jury in the jury

instructions, within the time frame submitted to the jury as prescribed in said jury instructions.

On May 4, 2010, the Mississippi Court of Appeals affirmed McBride's conviction and sentence. *McBride v. State,* 61 So. 3d 174 (Miss. Ct. App. 2010), *reh'g denied*, August 17, 2010 (Cause No. 2008-KA-1347-COA). McBride, through counsel, sought certiorari review of the court of appeals' decision, and on May 12, 2011, the Mississippi Supreme Court affirmed the court of appeals' ruling. *McBride v. State,* 61 So. 3d 138 (Miss. 2011) (Cause No. 2008-CT-1347-SCT).

McBride then filed, *pro se,* an "Application for Leave to Proceed in the Trial Court" in the Mississippi Supreme Court. He listed the following grounds for relief in the section of the motion entitled "Concise Statements of the Claim and Grounds Upon Which this Motion is Based" of the motion (as stated by McBride, *pro se*):

A. Trial court's failure to take adequate steps in conflict of interest between defendant and defense counsel deprived defendant of his constitutional right to effective assistance of counsel and a fair trial.[1]

    1. Counsel failed to object to victim's testimony and follow up on alleged improper use of 404(b) testimony.

    2. Counsel failed to raise speedy trial issue at trial.

B. Court erred by allowing the state to use 404(b), though not ruling on motion to grant or deny, to allow other bad habits to show plan, intent, and motive with an alleged crime, supposingly [sic] happened some years after the first alleged crime.

C. The trial court erred by not applying the mandatory application of the Rule 403 test and not giving limited cautionary instructions to the jury.

D. The state's constructive amendment violated McBride's Fifth Amendment right to be indicted by a grand jury.

---

[1]The court has summarized the individual claims of ineffective assistance of counsel.

E.      McBride was denied due process, equal protection of the law in violation of Mississippi Code Annotated Section 99-17-1 and USCA Const. Amend 6.

F.      Failure to satisfy proof beyond a reasonable doubt.

G.      The state applied ambiguous language to diverge from facts to relieve burden of proving every element beyond a reasonable doubt.

H.      Trial court erred in compliance with Miss. Code Ann. § 99-7-9 and Code 1942 § 2441.

I.      McBride was denied a fair and impartial trial. With the number of errors, broken laws, denial of laws, constitutional violations, denial of constitutional rights, including effective assistance of counsel, due process, equal protection of the law in McBride's case is imaginary.

J.      McBride's conviction proved miscarriage of justice.

On November 2, 2011, the Mississippi Supreme Court denied the application, finding:

McBride asserts that his right to a speedy trial was violated and that the evidence against him was insufficient to support a guilty verdict. These issues were addressed on direct appeal and are procedurally barred by the doctrine of res judicata. Miss. Code Ann. § 99-39-21(3). McBride's remaining claims were capable of being raised at trial or on direct appeal and are now waived. Miss. Code Ann. § 99-39-21(1). Notwithstanding the procedural bar, the issues are also without merit. Insofar as McBride attaches claims of ineffective assistance of counsel to the various issues in his motion, the panel finds that the claims do not pass the standard set forth in *Strickland v. Washington,* 466 U.S. 668, 687 (1984). Accordingly, the panel finds that the motion should be denied.

*See McBride v. State of Mississippi*, (Cause No. 2011-M-01072) (Mississippi Supreme Court, Order of November 2, 2011).

In the instant petition for a writ of *habeas corpus*, McBride raises the following claims (as stated by petitioner[2]):

---

[2] The court has summarized the individual claims of ineffective assistance of counsel in Ground One based on McBride's arguments within the instant petition.

**Ground One**: Trial court's failure to take adequate steps in conflict of interest between defendant and defense counsel deprived defendant of his constitutional right to effective assistance of counsel and a fair trial.

    A.      Counsel failed to follow up on use of 404(b) evidence regarding an alleged crime that happened years after the crime charged.

    B.      Counsel failed to inquire about a cautionary instruction on 404(b) evidence.

    C.      Counsel failed to inquire about Rule 403 balancing test.

    D.      Counsel failed to raise a speedy trial challenge at trial.

    E.      Counsel failed to object to Jury Instruction C-11.

    F.      Appointed attorney erred when he said he had perfected McBride's direct appeal in the Court of Appeals of the State of Mississippi.

**Ground Two**: The court erred by allowing the state to use 404(b), though not ruling on motion to grant or deny, to allow other bad habits to show plan, intent and motive with an alleged crime, supposingly, happened some years after the first alleged crime.

**Ground Three**: Trial court erred by not applying the mandatory application of Rule 403 test and not giving limited cautionary instructions to the jury.

**Ground Four**: The state's constructive amendment violated McBride's 5th Amendment right to be indicted by a grand jury.

**Ground Five**: McBride was denied due process equal protection of the law in violation of the Mississippi Code Annotated Section 99-17-1 and USCA Const. Amend 6.

**Ground Six**: Failure to satisfy proof beyond a reasonable doubt.

**Ground Seven**: State applied ambiguous language to diverge from facts to relieve burden of proving every element beyond a reasonable doubt.

**Ground Eight**: Trial court erred in compliance with Miss. Code Ann. § 99-7-9 and Code 1942 § 2441.

**Ground Nine**: McBride was denied a fair and impartial trial.

**Ground Ten**: McBride's conviction proved miscarriage of justice.

**Ground Eleven**: McBride was falsely arrested and imprisoned.

### The Doctrines of Procedural Default and Procedural Bar:
### Grounds One (B), (C), (E), (F); Two, Three, Four, Five, Eight, Nine, and Eleven

If an inmate seeking *habeas corpus* relief fails to exhaust an issue in state court – and no more avenues exist to do so – under the doctrine of *procedural default* that issue cannot be raised in a federal *habeas corpus* proceeding. *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995). Similarly, "When a state court declines to hear a prisoner's federal claims because the prisoner failed to fulfill a state procedural requirement, federal habeas is generally barred if the state procedural rule is independent and adequate to support the judgment." *Sayre v. Anderson*, 238 F. 3d 631, 634 (5th Cir. 2001) (*citing Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 2553-54, 115 L.Ed.2d 640 (1991); *Amos v. Scott*, 61 F.3d 333, 338-39 (5th Cir. 1995)). This doctrine is known as *procedural bar*.

### Cause and Prejudice – and Fundamental Miscarriage of Justice –
### As Ways to Overcome Procedural Bar

Whether a petitioner's claims are procedurally defaulted or procedurally barred, the way he may overcome these barriers is the same. First the petitioner can overcome the procedural default or bar by showing cause for it – and actual prejudice from its application. To show cause, a petitioner must prove that an external impediment (one that could not be attributed to him) existed to prevent him from raising and discussing the claims as grounds for relief in state court. *See United States v. Flores*, 981 F.2d 231 (5th Cir. 1993). To establish prejudice, a petitioner must show that, but for the alleged error, the outcome of the proceeding would have been different. *Pickney v. Cain*, 337 F.3d 542 (5th Cir. 2003). Even if a petitioner fails to establish cause for his default and prejudice from its application, he may still overcome a procedural default or bar by showing that application of the bar would result in a fundamental miscarriage of justice. To show that such a miscarriage of justice would

occur, a petitioner must prove that, "as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson,* 188 F.3d 635, 644 (5th Cir. 1999) (citing *Ward v. Cain,* 53 F.3d 106, 108 (5th Cir. 1995)). Further, he must support his allegations with new, reliable evidence – that was not presented at trial – and must show that it was "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Fairman,* 188 F.3d at 644 (citations omitted).

## Procedural Default

Grounds One (B), (C), (E), and (F) of the instant petition for a writ of *habeas corpus* (all of which involve claims of ineffective assistance of counsel) are precluded from federal *habeas corpus* review under the doctrine of procedural default because McBride did not raise them before the Mississippi Supreme Court. Thus, as he has already prosecuted both a direct appeal and an application for post-conviction collateral relief, he may no longer do so. As such, he has no avenue through which to exhaust state court remedies as to these claims. Though McBride raised several claims of ineffective assistance of counsel in his application for leave to seek state post-conviction collateral relief, he did not raise these specific grounds, a requirement for exhaustion before seeking federal *habeas corpus* relief. *Wilder v. Cockrell,* 274 F.2d 255, 261 (5th Cir. 2001). Hence, these grounds for relief will be dismissed as procedurally defaulted.

## Procedural Bar

Similarly, Grounds Two, Three, Four, Five, Eight, Nine, and Eleven are precluded from federal *habeas corpus* review under the doctrine of procedural bar, as the Mississippi Supreme Court found them to be barred under Miss. Code Ann. § 99-39-21(1), which reads:

> Failure by a prisoner to raise objections, defenses, claims, questions, issues or errors either in fact or law which were capable of determination at trial, and/or on direct appeal, regardless of whether such are based on the laws and the Constitution of the state of Mississippi or of the United States, shall constitute a waiver thereof and shall

be procedurally barred, but the court may upon a showing of cause and actual prejudice grant relief from the waiver.

Section 99-39-21(1) is an independent state procedural bar. *Stokes v. Anderson*, 123 F.3d 858, 860 (5th Cir. 1997). The adequacy of the procedural bar applied to McBride's state court claims is measured by "whether Mississippi has strictly or regularly applied it." *Id*. (citing *Lott v. Hargett*, 80 F.3d 161, 165 (5th Cir. 1996)). The petitioner, however, "bears the burden of showing that the state did not strictly or regularly follow a procedural bar around the time of his appeal" and "must demonstrate that the state has failed to apply the procedural bar rule to claims identical or similar to those raised by the petitioner himself." *Id*. McBride has not done so in the present case. As such, the procedural bar applies and precludes federal *habeas corpus* review.

### Cause and Prejudice

McBride has shown neither cause for his default (through either procedural default or procedural bar) – nor prejudice from its application. As for McBride's claims precluded by procedural default (Grounds One (B), (C), (E), and (F)), he has not shown that some external impediment prevented him from raising and discussing these claims as grounds for relief in state court. *See United States v. Flores*, 981 F.2d 231 (5th Cir. 1993). Attorney error (when it rises to the level of ineffective assistance of counsel) can constitute cause for procedural default. However, it was McBride, not counsel, who filed the state court application for leave to seek post-conviction relief. As such, McBride, himself, failed to raise these specific allegations of ineffective assistance of trial counsel. As McBride has not shown cause for his procedural default, the court need not consider the issue of prejudice. *Martin v. Maxey*, 98 F.3d 844, 849 (5th Cir. 1996).

As discussed above, Grounds Two, Three, Four, Five, Eight, Nine, and Eleven are precluded from federal *habeas corpus* review as a result of procedural bar. McBride argues that attorney error is

the cause for his procedural failure – which led to application of procedural bar in this case, but he only makes this argument as to one issue (Ground Two): that defense counsel should have challenged, under Miss. R. Ev. 404(b), the introduction of evidence of other crimes, wrongs, or acts – specifically the testimony of McBride's daughter as to a later incident during which McBride touched her inappropriately. He presented this argument to the Mississippi Supreme Court on post-conviction collateral relief, and the court held that "the claims do not pass the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984)." *McBride v. State of Mississippi*, 2011-M-01072 (Miss. S. Ct., Order of November 2, 2011). This court agrees.[3]

McBride's daughter testified that he touched her sexually on two occasions. The first time occurred when she was about eleven or twelve years old. He took her to an isolated place – a friend's empty house – and sexually penetrated her. He only stopped when she threatened to tell someone about the attack. His daughter was thirteen to fifteen years old at the time of the second incident. On this occasion McBride again took his daughter to an isolated place – this time a deserted county road – and began touching her sexually on her breasts and genital area through her clothes. She fought back, and he asked her why she wouldn't have sex with him. When it became obvious that she would not cooperate, he drove her back home. The trial court permitted testimony regarding the second incident under Miss. R. Ev. 404(b) as evidence of "plan or motive, along those lines." SCR Vol. II, p. 120.

Mississippi Rule of Evidence 404(b) reads:

**Other Crimes, Wrongs, or Acts.** Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes such a proof

---

[3] The court will engage in a full discussion of the standard for ineffective assistance of counsel later in this opinion. That discussion will make clear that McBride's claim of ineffective assistance of counsel under Miss. R. Ev. 404(b) is wholly without merit.

of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

McBride's actions were eerily consistent in both cases – using a pretext to take his daughter to a remote location, then attempting to engage in sexual activity with her. Certainly the victim's testimony regarding the second incident shows, at a minimum, "intent, preparation, plan, knowledge . . . or absence of mistake or accident." *See, e.g. Green v. State of Mississippi,* 89 So.3d 543 (Miss. 2012) (detailed analysis concluding that testimony permitted under Miss. R. Ev. 404(b) regarding other instances of similar sexual abuse). Counsel likely chose not to object to the testimony in an effort to avoid calling even more attention to either event, especially given the likelihood that the objection would be overruled. Such a choice is a sound strategy that the court will not second-guess.

As to the remaining claims (Grounds Three, Four, Five, Eight, Nine, and Eleven), McBride never raised or exhausted ineffective assistance of counsel as a reason for failing to pursue these claims in state court. As such, he cannot argue ineffective assistance of counsel as cause for his default. *Edwards v. Carpenter,* 529 U.S. 446, 452, 120 S.Ct. 1587, 1591-92 (2000). As he has not established cause for his default, the court need not consider whether application of procedural bar would lead to actual prejudice. *Martin v. Maxey,* 98 F.3d 844, 849 (5th Cir. 1996).

**Fundamental Miscarriage of Justice**

Certainly, McBride has provided no rationale for the court to find that a fundamental miscarriage of justice would result from application of procedural default or procedural bar, as he has not shown that "as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (citing *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)). As discussed in detail below, the testimony at trial was sufficient to sustain his conviction for sexual battery. For these reasons, Grounds One (B), (C), (E), and (F) are procedurally defaulted, and

Grounds Two, Three, Four, Five, Eight, Nine, and Eleven are procedurally barred. As such, they will be dismissed with prejudice.

**Grounds One (A) and (D), Six, Seven, and Ten:
Reviewed on the Merits in State Court**

The Mississippi Supreme Court has already considered Grounds One (A) and (D), Six, Seven, and Ten on the merits and decided those issues against the petitioner; hence, these claims are barred from *habeas corpus* review by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(d), unless they meet one of its two exceptions:

> (d) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings *unless* the adjudication of the claim–
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.* (emphasis added). The first exception, subsection (d)(1), applies to questions of law. *Morris v. Cain*, 186 F.3d 581 (5th Cir. 2000). The second exception, subsection (d)(2), applies to questions of fact. *Lockhart v. Johnson*, 104 F.3d 54, 57 (5th Cir. 1997). Since the petitioner's claims challenge both the application of law and the finding of fact, this court must consider the exceptions in both subsections.

Under subsection (d)(1), a petitioner's claim merits *habeas* review if its prior adjudication "resulted in a decision that was *contrary to*, or involved an *unreasonable application* of, clearly established Federal law." *Id.* (emphasis added). A state court's decision

is *contrary to* federal law if it arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law, or if it decides a case differently from the Supreme Court on a set of "materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 1523 (2000). A state court's decision involves an *unreasonable application of* federal law if it identifies the correct governing principle but unreasonably (not just incorrectly) applies that principle to facts of the prisoner's case; this application of law to facts must be *objectively* unreasonable. *Id.* at 1521. As discussed below, the petitioner has not shown that the Mississippi Supreme Court unreasonably applied the law to the facts, or that the court's decision contradicted federal law. Accordingly, the exception in subsection (d)(1) does not apply to these grounds of the petitioner's claim.

Nevertheless, under § 2254(d)(2) Grounds One (A) and (D), Six, Seven, and Ten may still merit review if those facts to which the supreme court applied the law were determined unreasonably in light of the evidence presented. Because the supreme court is presumed to have determined the facts reasonably, it is the petitioner's burden to prove otherwise, and he must do so with clear and convincing evidence. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000); 28 U.S.C. § 2254(e)(1). As discussed below, the petitioner has failed to meet this burden; as such, he cannot use subsection (d)(2) to move these claims beyond § 2254(d), which bars from *habeas corpus* review issues already decided on the merits.

### Grounds One (A) and One (D): Ineffective Assistance of Counsel

McBride exhausted state court remedies as to two of his ineffective assistance of counsel claims. In Ground One (A), he claims that "[c]ounsel failed to follow up on use of 404(b) evidence regarding an alleged crime that happened years after the crime charged." In Ground One (D),

McBride claims that "[c]ounsel failed to raise a speedy trial challenge at trial." Neither of these claims has merit.

The court must address claims of ineffective assistance of counsel under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To prove that defense counsel was ineffective, the petitioner must show that counsel's performance was deficient and that the deficiency resulted in prejudice to her defense. Under the deficiency prong of the test, the petitioner must show that counsel made errors so serious that he was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. The court must analyze counsel's actions based upon the circumstances at the time – and must not use the crystal clarity of hindsight. *Lavernia v. Lynaugh*, 845 F.2d 493, 498 (5th Cir. 1988). The petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted). To prove prejudice, the petitioner must demonstrate that the result of the proceedings would have been different or that counsel's performance rendered the result of the proceeding fundamentally unfair or unreliable. *Vuong v. Scott*, 62 F.3d 673, 685 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 557 (1995); *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993); *Sharp v. Johnson*, 107 F.3d 282, 286 n.9 (5th Cir. 1997).

### Ground One (A): Failure to Object to 404(b) Testimony

McBride claims that counsel should have objected to the 404(b) testimony by his daughter that he fondled her years after the sexual battery set forth in the indictment – and that his attorney's failure to object rises to the level of ineffective assistance of counsel. This issue is without substantive merit. First, counsel did, in fact, object to the testimony through a motion in limine to exclude it. In addition, he discussed the issue with the prosecutor and the trial judge. The judge ruled during trial that the

testimony was admissible under Miss. R. Ev. 404(b) as evidence of "plan or motive, along those lines."  SCR Vol. II, p. 120.  As discussed above, the court's ruling was sound, as was counsel's decision not to pursue his objection further.  This ground for relief will be denied.

## Ground One (D):  Failure to Assert a Speedy Trial Claim

McBride argues that trial counsel was ineffective for failing to request a speedy trial.  The decision on whether to pursue a speedy trial motion is one of strategy.  As to decisions regarding strategy, the court may only find counsel ineffective if no possible trial strategy existed for counsel's actions.  *Burton v. State*, 970 So. 2d 229, 238 (Miss. Ct. App. 2007); *Amos v. State,* 911 So. 2d 644, 657 (Miss. Ct. App. 2005).

The large timespan between indictment and trial inured greatly to McBride's benefit.  The prosecution's case rested almost entirely on the testimony of the victim, and the State introduced no physical evidence.  Memories fade; witnesses forget.  A long delay makes it more difficult for a victim to recall events – and usually leads to more discrepancies between her trial testimony and her original statements.  Further, counsel could well have chosen not to pursue a speedier trial because the passage of time would allow the jury to see the victim as a young woman of eighteen, rather than a much younger fifteen-year-old girl.  Appearances matter, and most seasoned attorneys would recognize this as an advantage at trial.  Further, counsel had requested discovery and may well have needed extra time to conduct his investigation.  McBride has failed to show that no possible explanation existed for counsel's decision to forego requesting speedy trial.  As such, McBride's claim that counsel was ineffective in this regard will be dismissed.

Moreover, although trial counsel did not file a motion for speedy trial on McBride's behalf, McBride, himself filed two *pro se* "Motions for Directed Verdict of Acquittal," in which he argued

that he had been denied his constitutional right to speedy trial. *See* SCR Vol. 2, pp. 15-31. At a hearing on these motions, the trial court heard argument on both the statutory and constitutional rights to a speedy trial, then denied McBride's request for relief. *Id.* The trial court applied the facts of the case to the four-part constitutional test set forth in *Barker v. Wingo,* 407 U.S. 514, 521-22 (1972). SCR Vol. 1, pp. 19-22.[4] The trial judge first acknowledged that the delay in this case was presumptively prejudicial to McBride. *Id.* at p. 19. McBride was indicted on May 30, 2006, and was arrested and arraigned in August 2006. SCR Vol. 1, pp. 2, 3, 19. The case was first set for trial in the January 2008 term of court, then continued to February 19, 2008, when McBride was tried and convicted. *Id.* at pp. 20-21. As such, the delay from his indictment to trial was approximately a year and eight months. Under state or federal law, this was sufficient delay to trigger a review of the remaining *Barker* factors, which the trial court conducted.

The trial court then discussed the second factor, the reason for delay. The trial court noted that deliberate attempts by the state to delay the proceedings weigh heavily against the State, but negligence or overcrowded dockets weigh less heavily against the State. SCR Vol. 1, pp. 19-20. The trial court then conducted a detailed analysis of the delay based on the terms of court in the district. McBride was not arrested until the middle of the July 2006 term; as such, his case was not placed on the calendar for the remainder of that term. The trial court found that this delay was not attributable to the State and did not weigh against the State. *Id.* at p. 20. The trial court scheduled a "mini-term" in November 2006, "intended to address those cases left untried which had been scheduled during the" July term; however, as McBride's case was not scheduled in that term, his case was not placed on the mini-term calendar, either. *Id.* The next term of court began in January 2007, but "the defendant's

---

[4] Though the trial court did not directly address the statutory right to a speedy trial in its order, both sides presented arguments on the matter at the hearing. SCR Vol. 2, pp. 27-29.

case was simply left off the trial calendar" and "lost in the crunch of cases being set." *Id.* The trial court found that, "while this failure of the system is regrettable, it seems as though the delay is attributable to mere negligence or oversight." *Id.* at p. 20. The same problem occurred at the only other full term of court in July 2007, but the trial court again acknowledged that "this was the result of oversight – not intentional delay by the State." *Id.* The trial court then found that the case was not scheduled during the "mini-term" of court in November 2007 because of the "docket and the multitude of cases set." *Id.* at p. 21. McBride's case was set for the next regular term of court in January 2008; however, "[b]y agreement of counsel and because the alternate child abuse and/or forensic expert was unavailable due to maternity leave, the case was re-set during this same term for trial on February 19, 2008." *Id.* at p. 21; *see also* Supplemental Record Vol., p. 6. The court concluded that there was no evidence to suggest that any of the delay was a result of deliberate effort by the State and, therefore, this prong of the test was not weighed heavily against the State. *Id.*

The trial court observed that McBride had made no demand for a speedy trial; thus, this factor could not weigh significantly in his favor. *Id.* In fact, although McBride filed two pleadings in which he mentioned his constitutional right to a speedy trial, he did not seek a speedy trial, but a dismissal of the charges. SCR Vol. 1, pp. 4-7. In addition, these pleadings were not filed until December 2007, a mere two months before trial. *Id.* Thus, McBride's trial began shortly after he mentioned his right to a speedy trial.

Finally, the court found that the only prejudice McBride claimed was that "if he had been tried earlier, the matters would have been 'fresher' on his mind." *Id.* at p. 22. The trial court found that this failed to prove the prejudice necessary to succeed on a speedy trial claim. *Id.* The trial court concluded that, "[w]eighing all of the above factors, finding that the delay is not attributable to any

deliberate efforts on the part of the State . . . that the defendant made no effort to assert his right to a

speedy trial and finally, that the defendant, if suffering prejudice, suffering only minimal prejudice,"

McBride was not denied his constitutionally guaranteed right to a speedy trial.  *Id.*

   Counsel raised the speedy trial issue on appeal, and the Mississippi Supreme Court found the

claim to be without merit, holding that, while the delay itself was presumptively prejudicial, the

remaining factors did not weigh enough in McBride's favor to warrant relief.[5]  *McBride v. State,* 61

So. 3d 138, 142-148 (Miss. 2011).  The Mississippi Supreme Court found that the trial court's findings

on the *Barker* factors were "supported by substantial, credible evidence" and affirmed the trial court's

ruling.  *Id.*  The court held that neither McBride's constitutional nor statutory rights to a speedy trial

were violated.  *Id.*  With regard to the statutory right, the state appellate court made clear that not only

had McBride failed to timely assert his right, but also that McBride had failed to show that he was

prejudiced in conducting his defense.  *Id.*  A review of the transcript does not reveal that McBride

suffered prejudice from the delay.  *See Amos v. Thornton,* 646 F.3d at 208.  Indeed, McBride's

argument that a speedier trial would have left events "fresher" on his mind is rendered meaningless

because he chose not to testify.  Thus, whether the events were fresh or forgotten, he chose not to

relate them to the jury.

   A state court is given wide latitude under § 2254(d)(1) in its findings with regard to each of the

*Barker* factors.  *Amos v. Thornton,* 646 F.3d 199, 205 (5th Cir. 2011).  "If there is any objectively

reasonable basis on which the state court could have denied, relief, the AEDPA demands that [the

federal Court] respect its decision to do so."  *Id.*  Without doubt, there were several substantial delays

---

[5]The Mississippi Court of Appeals also considered and rejected the speedy trial claim in a
lengthy discussion of both the constitutional and statutory rights to a speedy trial.  *See McBride v.
State,* 61 So. 3d 174, 179-182 (Miss. Ct. App. 2010), *reh'g denied,* August 17, 2010.

which the state court attributed to oversight and confusion arising out of crowded dockets.  This court

might have weighed those delays against the State, as crowded dockets are no justification for

violating a defendant's right to a speedy trial:

> Closely related to length of delay is the reason the government assigns to justify the delay.  Here, too, different weights should be assigned to different reasons.  A deliberate attempt to delay the trial in order to hamper the defense should be weighted heavily against the government.  *A more neutral reason such as negligence or overcrowded courts should be weighted less heavily but nevertheless should be considered since* **the ultimate responsibility for such circumstances must rest with the government rather than with the defendant.**

*Barker v. Wingo,* 407 U.S. 514, 531 (1972) (emphasis added).  In any event, as the court can discern

no harm whatsoever – and a great deal of benefit – to McBride from the lengthy delay prior to trial,

the State's ruling is well within the "wide latitude" state courts enjoy in such matters.  *Amos v.

Thornton,* 646 F.3d 199, 205 (5th Cir. 2011).  This claim for relief is without merit and will be denied.

McBride has not shown that counsel's actions were deficient or that he was prejudiced as a

result those actions.  McBride has not shown "that there is a reasonable probability that a motion for

speedy trial would have been granted if his attorney had filed it."  *See Amos v. Thornton,* 646 F.3d at

210. Thus, the Mississippi Supreme Court's holding that trial counsel gave effective assistance was

neither contrary to nor an unreasonable application of *Strickland v. Washington*, 466 U.S. 668, 687

(1984).  Therefore, McBride is not entitled to relief on his claims of ineffective assistance of counsel

in Ground One.

### Sufficiency of the Evidence:  Grounds Six, Seven and Ten

In Grounds Six, Seven and Ten, the petitioner challenges the sufficiency of the evidence to

support his conviction and sentence.  To state a claim of *habeas corpus* relief based upon insufficiency

of the evidence, a petition must show that the evidence, when viewed in the light most favorable to the

State is such that no reasonable finder of fact "could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *see also Santellan v. Cockrell*, 271 F.3d 190, 193 (5th Cir. 2001); *Dupuy v. Cain*, 201 F.3d 582, 589 (5th Cir. 2000). This standard "preserves the integrity of the trier of fact as the weigher of the evidence." *Bujol v. Cain*, 713 F.2d 112, 115 (5th Cir. 1983). The *Jackson* standard allows the trier of fact to find the evidence sufficient to support a conviction, even if "the facts also support one or more reasonable hypotheses consistent with the defendant's claim of innocence." *Gilley v. Collins*, 968 F.2d 465, 468 (5th Cir. 1992).

McBride was charged under Miss. Code Ann. § 97-3-95(2) with the sexual battery of his daughter, who was under the age of fourteen at the time of the crime.[6] Section 97-3-95(2) reads:

> A person is guilty of sexual battery if he or she engages in sexual penetration with a child under the age of eighteen (18) years if the person is in a position of trust or authority over the child including without limitation the child's teacher, counselor, physician, psychiatrist, psychologist, minister, priest, physical therapist, chiropractor, legal guardian, parent, stepparent, aunt, uncle, scout leader or coach.

The indictment alleged that "on or about or between January 2002, and December 2005," McBride "did unlawfully, wilfully and feloniously engage in sexual penetration with [the victim], a female child under the age of fourteen (14) years, by inserting his penis into her vagina, when he, the said Jerry McBride, was her father . . . ." SCR Vol. 1, p. 2.

At trial, the victim testified that McBride was her father. SCR Vol. 2, p. 95. The victim, who was eighteen years old at the time of trial, testified that her birthday was in November 1989. *Id.* at p.

---

[6]The state charged McBride under Mississippi Code Section 97-3-95(2) but certainly could have charged him under § 97-3-95(1)(d) (sexual battery of a "child under the age of fourteen (14) years of age, if the person is twenty-four (24) or more months older than the child," which carries a potential life sentence. *See* SCR Vol. 3, p. 161; *see also* Miss. Code Section 97-3-101 (setting out penalties for sexual battery).

101. She further testified that when she was around eleven or twelve, McBride took her to a house he claimed belonged to his friend, and while they were there, he "started touching me, and that's when he pulled down my pants, and unzipped his pants, and he put his penis in my vagina." *Id.* at p. 96; *see also* pp. 97, 100-102, 113. She testified that she did not tell anyone about what happened right away because she was scared, i*d.* at p. 98, and that a second incident of fondling occurred when she was around fifteen years of age and again found herself alone with her father. *Id.* at p. 99-100. McBride was not a regular figure in his daughter's life and had lived for a time in another state. SCR Vol. 2, pp. 98-99, 106-107. The victim identified McBride in court as her father and the perpetrator. *Id.* at p. 114.

Loria Perkins, a school counselor at the school the victim attended, also testified, stating that the victim approach her and, based on what the victim said, she called the Department of Human Services to come to the school to interview the victim. SCR Vol. 2, at p. 125. Christina Shumpert, an employee of the Department of Human Services, also testified, stating that she came in contact with the victim in November 2005, and she conducted a forensic interview of the victim in December 2005. *Id.* at p. 128. McBride did not testify, and the defense put on no evidence. The court instructed the jury on the elements of the crime, including the fact that the crime occurred "on or about or between January 2002 and December 2005." SCR Vol. 1, p. 53. The jury returned a verdict of guilty on the sexual battery charge in less than an hour. SCR Vol. 2, pp. 137-141; Vol. 3, pp. 154-158.

As noted above, McBride raised a claim challenging the sufficiency of the evidence to the Mississippi Supreme Court on the direct appeal of his conviction and sentence. Initially, the Mississippi Court of Appeals addressed the issue. The court found that, although the victim was actually twelve years old in January 2002, the first date stated in the indictment, "there was sufficient evidence presented to the jury that the victim was under the age of fourteen during the first incident,

which is the requirement of the statute.  She admitted that her age of eleven or twelve was an approximation, which is completely reasonable under the circumstances." *McBride,* 61 So. 3d 174, 184 (Miss. Ct. App. 2010), *reh'g denied,* August 17, 2010.  The court also noted that, indeed, "there was no testimony presented at trial that she was over the age of fourteen at the time of the first incident."  *McBride,* 61 So. 3d at 184.   The Mississippi Court of Appeals explained that the "time frame in the indictment and jury instructions of the sexual battery was an approximation, which is proper."  *Id.* (citations omitted).  The Court of Appeals held that, "as long as sufficient evidence at trial proved the victim was under the age of fourteen during the first incident, the time frame of the incident is not relevant because it is not an element of the crime."  *Id.*  The victim would have been twelve years old between January 2002 (the first date alleged in the indictment) and November 1989 (her birthday).

On certiorari review, the Mississippi Supreme Court also discussed the standard applicable to claims challenging the sufficiency of the evidence, noting that the evidence is construed in the light most favorable to the state.  *McBride,* 61 So. 2d 138, 148 (Miss. 2011). The court then addressed McBride's argument that the state failed to prove the sexual battery occurred "on or about or between January 2002 and December 2005."  *Id.*  As the victim's birthday was in November 1989, she would have been about twelve years and two months old in January 2002 (the first date alleged in the indictment).  She would have reached fourteen years of age by November 2003.  Thus, she was under fourteen years of age for part of the time set forth in the indictment.  After a discussion of precedent regarding a variance between the dates in the indictment and those proved at trial, the court held:

> In this case, the State's failure to establish that the sexual battery occurred precisely within the January 2002 to December 2005 timeframe did not prejudice McBride in any way.  For example, he never asserted an alibi defense; thus, any failure to prove the alleged dates could not have affected or hampered such a defense.  Moreover, he

does not allege inadequate notice of the charges against him, contend that he was unfairly surprise, or raise double-jeopardy concerns.

As already discussed, if [the victim] had been eleven at the time of the first incident, the crime plausibly could have occurred within two months or so of January 1, 2002. Given the lack of prejudice here, we find that a period of two months is within reasonable limits of the January 2002 to December 2005 timeframe.

The indictment and offense-tracking instruction's use of "on or about" language adds additional support for our decision. Where, as here, "on or about" language is used in an indictment, the government is not required to prove an exact date(s) so long as a date reasonably near is established. *United States v. Mata,* 491 F.3d 237, 243 (5th Cir. 2007) (quoting *United States v. Valdez,* 453 F.3d 252, 260 (5th Cir 2006) (citations omitted).

Because a period of two months is within reasonable limits of, or reasonably near, the January 2002 to December 2005 timeframe, we find that the variance between the indictment and offense-tracking instruction and the proof at trial does not render the evidence insufficient to support McBride's conviction.

*McBride,* 61 So. 3d at 150.

This determination of the sufficiency of the evidence by the state appellate court is entitled to considerable deference. *Parker v. Procunier*, 763 F.2d 665, 666 (5th Cir.), *cert. denied* 474 U.S. 855 (1985); *Gibson v. Collins*, 947 F.2d 780 (5th Cir. 1991); *see also Callins v. Collins*, 998 F.2d 269 (5th Cir. 1993) ("where state appellate court has conducted a thorough review of the evidence . . . . it's determination is entitled to great deference."). McBride has not highlighted any reason in the instant petition for the court to overcome that deference. In addition, McBride has not shown that the state court decision was an unreasonable application of law to the facts. *See Williams v. Taylor, supra.* The record firmly supports the appellate court's finding that the evidence of McBride's guilt for the crime charged was sufficient. The testimony at trial was sufficient to support the verdict. All reasonable jurors would have found that the proof presented established each element of the crime beyond reasonable doubt. As such, McBride's claims that the evidence was insufficient to support the verdict

in Grounds Six, Seven, and Ten of the instant petition will be denied.

## Conclusion

All of the claims in the instant petition for a writ of *habeas corpus* are either procedurally defaulted, procedurally barred, or were decided against him on the merits in state court – in decisions that were neither contrary to clearly established federal law, nor through decisions made using an unreasonable determination of the facts in light of the evidence presented. As such, the instant petition for a writ of *habeas corpus* will be denied. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 2nd day of March, 2015.

 **/s/ Sharion Aycock**
 **U.S. DISTRICT JUDGE**